*James W. Miller, C. D. Martin* and *M. A. Daugherty,* for defendant.

## ABUTTING OWNERS RIGHTS IN STREET.

[Circuit Court of Cuyahoga County.]

CLEVELAND BURIAL CASE CO. v. ERIE RAILWAY CO.

Decided, June 21, 1902.

*Street—Easement of Abutting Owner Therein a Property Right—Impairment of by Railroad Track May be Enjoined—Proximity of Track an Interference, When—Injunction.*

1. The granting of an ordinance by a municipality permitting a railway company to lay a track along the street, does not empower the company to construct the track in such a way as to materially interfere with the easement of an abutting owner, without first obtaining the right so to do by appropriation or otherwise.

2. The laying of a track in the street within twenty-six feet of the entrance to a factory, where wagons are loaded and unloaded, constitutes such a material interference with the rights of the owner of the factory, and an injunction will lie upon his petition.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on appeal.

The plaintiff, a corporation, is the owner of a parcel of land in the city of Cleveland, bounded on the northerly side by Old River street; on the easterly side by Elm street, on the southerly side by ———, and on the westerly side by West Center street. On this tract of land the plaintiff has a manufacturing establishment covering a considerable part of the tract, with a front of about 140 feet on Center street, and about 200 feet on Old River street; the lines of the manufactory on each of these streets being coincident with the street, so that the northwest corner of the building is at the intersection of the south

line of Old River street and the east line of Center street. These premises are in a district largely occupied by manufacturing establishments.

The defendant, which is a railroad corporation, has a number of railroad tracks in the immediate vicinity, and other railroads have tracks not far removed, but on the opposite side of the old river bed from the premises of the plaintiff. One of the tracks of the defendant crosses Old River street in a westerly direction from the northwest corner of the plaintiff's manufactory, its nearest point to the manufactory being at a distance of sixty-seven feet therefrom. This track curves to the eastward when it reaches the north line of Old River street and thence extends eastwardly along the north side of said last-named street in front of the plaintiff's manufactory.

The defendant has, by an ordinance of the city, obtained a franchise to construct an additional track diagonally across the corner of Old River and Center streets, the point where it crosses the south line of Old River street being about thirty feet from the intersection of the west line of Center street with the south line of Old River street; thence extending northeasterly, crossing the north line of Old River street ten or fifteen feet easterly from the east line of Center street produced. This track will bring the rail, which is on the northeasterly side of the track, twenty-six feet from the northwesterly corner of the plaintiff's manufactory.

The defendant proposes to construct its track as authorized by such ordinance, and will do so unless restrained by the order of the court. The court of common pleas allowed an order restraining such construction until the case should be heard in that court upon its merits. Subsequently, upon motion of the defendant, this order was dissolved, and from such order the appeal is taken to this court.

Each of these streets is sixty-six feet in width. The title to the tract of land owned by the plaintiff is derived through several warranty deeds executed by different parties and conveying the several lots, of which the tract is composed, by lot numbers. These lot numbers are obtained from a survey and plat

of lots made by the Buffalo Company and recorded in the records of Cuyahoga county. On this plat the several streets are designated. On the part of the plaintiff it is claimed that *it* is the owner of the fee to the center of the streets by which its manufacturing plant is bounded; while, on the part of the defendant, it is said that the fee of the streets is in the public authorities in trust for use for street purposes. In the view we take of this case, it is not necessary that this question be *now* determined.

The plaintiff, in any event, has an easement in the streets upon which its premises abut, and this easement is said, in the case of *Cincinnati & S. G. A. St. Ry. Co.* v. *Cumminsville,* 14 Ohio St., 523, 524, to be "as much property as the lot itself." Numerous authorities by our own Supreme Court are to the same effect; and it is settled beyond controversy that, in a case like this, if the proposed construction of the track by the defendant will materially interfere with this easement, an injunction will be allowed to prevent such construction until the rights of the plaintiff have been obtained by proper appropriation, purchase, or other proceedings whereby its property interest in this easement is to be acquired by the defendant.

The only question remaining is, whether, if this track is constructed as proposed, the rights of the plaintiff, by reason of this easement, will be materially or appreciably interfered with. This is purely a question of fact. From the evidence, including a plat of the premises showing the location of the building and the line of the proposed construction, we find that the plaintiff's rights will be thus interfered with. Without entering into any lengthy discussion of how the plaintiff's rights will be interfered with, attention is called to the fact that the convenience of loading and unloading teams at the Center street entrance must necessarily be impaired. The evidence shows that these streets are used very considerably by the public for teams, and the construction and operation of a railroad within twenty-six feet of the corner of this building must certainly make it much less convenient to drive teams from one of these streets to the other around the corner.

In the case of *Callen* v. *Electric Light Co.,* 66 Ohio St., 166, it is held that:

"The placing by a private lighting company of poles at the curb in a street and the stringing thereon of electric light cable lines and wires for the purpose of furnishing light and energy to private takers, is a diversion of the street from the purposes to which it was dedicated, and is a taking of the property of the abutting owner, within the meaning of Section 19, Article I, of the Bill of Rights. And such placing of poles, lines and wires is none the less an unauthorized taking, even though it be consented to by the city authorities."

In that case an injunction was allowed. We think the plaintiff's right to an injunction in the case *now* being considered is stronger than that stated in the syllabus just quoted.

In the case of *Valley Ry. Co.* v. *Pouchot,* 4 C. C., 187, an opinion delivered by Judge Upson, then of this court, considers very fully the most of the questions of law involved in this case. That case was affirmed by the Supreme Court upon such opinion of Judge Upson. It is deemed unnecessary to here repeat the reasoning there used and the authorities there cited.

The motion to dissolve the restraining order, which is pending here on appeal, is overruled.

*Williamson & Cushing,* for plaintiff.

*Mr. Shellenbarger* and *Judge Lamson,* for defendant.